STATE of Missouri, Plaintiff,

v.

Robert Lee ROSE, Defendant.

Robert Lee ROSE, Movant,

v.

STATE of Missouri, Respondent.

Nos. 56125, 57992.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 26, 1991.

Susan Hogan, Columbia, for defendant-movant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

In a court-tried case, defendant-movant, Robert Lee Rose, was convicted on Count I of assault in the second degree, § 565.060 RSMo 1986, and Count II of assault in the third degree, § 565.070 RSMo 1986. The court sentenced movant to five years imprisonment on Count I and to a concurrent one year sentence on Count II. He appealed conviction on these charges. He also appeals after denial of his Rule 29.15 motion for post conviction relief after an evidentiary hearing. However, the only matters briefed and preserved for decision are Rule 29.15 issues.

Movant first contends the court erred in denying his motion which alleged ineffective assistance of counsel for failure to pursue a defense of not guilty by reason of mental disease or defect. The motion court found "Dr. Mark G. Altomari [who examined movant upon the state's Chapter 552 motion] evaluated movant and found him competent to proceed in his July 15, 1988 report." The motion court found, as a matter of law, trial counsel was not ineffective for failure to present a frivolous defense. Dr. Altomari's report concluded movant was suffering from Organic Delusional Syndrome and Organic Personality Syndrome at the time of the alleged of-

fense. However, despite this fact, Dr. Altomari concluded movant was "responsible for his actions at that time, by virtue of the fact that there is no evidence that his mental disorder interfered substantially with his ability to reason right from wrong, or conform his conduct to the requirements of the law." The finding and conclusion of the motion court is supported by the record. It is not clearly erroneous. Rule 29.15(j).

Movant's second claim is the trial court erred in failing to enter a specific finding of fact and conclusion of law as to movant's "claim that trial counsel should have utilized the photographs at trial to explain [movant's] theory of defense." However, this was not a ground alleged in the motion. Movant alleged trial counsel was ineffective for failure to "interview, secure, and present at trial certain witnesses who would have testified that it was the police officers and not movant who initiated contact and caused the collision between movant and said officers." Movant also alleged the evidence supporting this claim would include certain photographs. Motion court issued findings of fact on movant's claim as Rule 29.15(i) requires. The court found movant admitted he did not give the names of undisclosed witnesses to trial counsel and counsel cannot call witnesses of whom he is unaware. This finding was responsive to the pleaded issue. It is supported by the record.

Accordingly, we affirm. Rule 84.16(b).

PUDLOWSKI, P.J., and GRIMM, J., concur.